**UNITED STATES of America, Appellee,**

v.

**Albert P. MORETTI, Appellant.**

**No. 154, Docket 29789.**

United States Court of Appeals Second Circuit.

Submitted Nov. 10, 1965.

Decided Nov. 26, 1965.

W. Paul Flynn and Frank J. Raccio, New Haven, Conn., for appellant.

Jon O. Newman, U. S. Atty., for the District of Conn., for appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Albert P. Moretti was arrested on October 8, 1964, in the course of the raids relating to enforcement of the federal wagering tax, at Bridgeport, Connecticut, which have resulted in a number of appeals to this Court. Represented by counsel and duly questioned by Judge Clarie, he changed a plea of not guilty to one of *nolo contendere* to one count of a two-count information charging, under 26 U.S.C. § 7203, willful failure to pay the special occupational tax relating to wagers imposed by 26 U.S.C. § 4411. The other count was then dismissed at the Government's request. Moretti appeals from the resulting judgment of conviction on two grounds: (1) that the federal wagering tax statutes violate the privilege against self-incrimination conferred by the Fifth Amendment; and (2) that the search of his apartment, which produced evidence on which the prosecution was based, was unlawful in that it was not authorized by the forcible entry provisions of 18 U.S.C. § 3109 because the arresting officers were not refused entry, and violated the Fourth Amendment because the affidavits supporting the search warrant were insufficient to establish probable cause.

The first contention, which the Government concedes to be open despite the plea of *nolo contendere*, has been decided adversely to Moretti, so far as this Court is concerned, by United States v. Costello, 2 Cir., 352 F.2d 848 (1965), slip opinion 3319 at 3322–25, and United States v. Grassia, 2 Cir., 354 F.2d 27, this day decided. The second contention does not survive the plea. Thomas v. United States, 290 F.2d 696 (9 Cir. 1961), motion for leave to file petition for certiorari denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962); see United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980–981 (2 Cir. 1965). There is no force in Moretti's contention that since he could not have appealed from the denial of his motion to suppress the evidence obtained by the search, DiBella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), refusal to hear him now would frustrate assertion of a constitutional right; he could have preserved all his rights by standing trial and raising a proper objection to introduction of the fruits of the search if the Government chose to offer them.

Affirmed.