**UNITED STATES of America,
Appellee,**

v.

**Pellegrino MILLO, Appellant.
No. 96, Docket 29743.**

United States Court of Appeals
Second Circuit.

Argued Oct. 8, 1965.

Decided Dec. 15, 1965.

Jon O. Newman, U. S. Atty., for the District of Connecticut, Hartford, Conn., for appellee.

Edward G. Burstein, Jerome Goldman, Bridgeport, Conn., for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

WATERMAN, Circuit Judge.

This appeal is one of several that have arisen out of raids conducted on October 8, 1964 in Bridgeport, Connecticut, upon alleged gambling establishments in that city.

Appellant was arrested in a raid at his restaurant that day. He was found guilty after a jury trial in the United States District Court for the District of Connecticut of having wilfully failed to pay the special gambling occupational tax required by 26 U.S.C. § 4411 and of having wilfully failed to register as required by 26 U.S.C. § 4412, both omissions being in violation of 26 U.S.C. § 7203.

The issues presented upon appeal, all of which were properly preserved below, are: Whether these wagering tax statutes violate one's privilege against self-incrimination guaranteed by the Fifth Amendment; whether the statutes are void for vagueness in that they create a circular scheme of such a nature that one cannot anticipate one's liability to either pay a tax or to register; whether the sentence of one year's imprisonment and a committed fine of ten thousand dollars on the count charging failure to pay the occupational tax was imposed because the sentencing judge viewed this statute as one directed toward the punishment of gamblers rather than directed toward the raising of revenue; and, lastly, whether there was sufficient evidence introduced at trial by the Government to prove either the defendant's wilfulness or that he was engaged in the business of accepting wagers.

■ We take up these issues in reverse order. There was sufficient evidence from which the jury could determine that appellant was in the business of accepting wagers and that he wilfully failed to purchase the wagering tax stamp. A special agent of the Internal Revenue Service had placed wagers with appellant on three separate occasions in August, September and October 1964; when the restaurant was raided tally sheets and numbers slips in appellant's handwriting were seized by the raiding officers; and while the raid was being conducted there were telephone calls that the agents answered from persons desiring to place series of bets and who asked for appellant by his nickname. And, too, defendant assured the arresting officers, while stoutly maintaining that he took no bets, that he well knew the wagering tax stamp requirement required of those who were engaged in the wagering business.

■ The sentence imposed was the maximum provided by Congress in 26 U.S.C. § 7203, so it was proper to impose it; but appellant speculates that remarks made by the sentencing judge on January 11, 1965, two weeks before appellant's trial began, and remarks made by him on February 8, 1965, two months and one month respectively, before appellant was sentenced, not only affected the severity of the sentence but somehow infected the entire case with a federal overreaching in violation of the Fifth and Tenth Amendments into state police prerogatives. Of course these remarks were not made when appellant was sentenced but we have discussed their impact upon the overall situation in our opinion affirming the conviction of one who was sentenced on January 11, 1965, see United States v. Piccioli, 2 Cir. 1965, 352 F.2d 856 at 859–860.

■ Likewise we hold that the statute, amended after United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953), was not beclouded thereby, United States v. Costello et al., 2 Cir. 1965, 352 F.2d 848, at 850–851 and fn. 1.

We find no merit in either of these two attacks upon the judgment of conviction and the sentence imposed below.

■ Lastly, we also held in United States v. Costello, supra, at 851–852 of 352 F.2d, that as the payment of the tax and disclosure of the occupation is only required of one who of his own volition intends to follow the occupation, the requirements of the statutes do not violate the protection afforded by the Fifth Amendment because one is not compelled

to incriminate himself. In so holding we relied upon Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955). If by any chance Albertson v. Subversive Activities Control Board, 86 S.Ct. 194, November 15, 1965, decided after the present case was briefed and argued and after our decision in U. S. v. Costello, supra, was handed down, has affected Lewis, we continue to be bound by the Lewis holding. See United States v. Grassia, 2 Cir. 1965, 354 F.2d 27.

Affirmed.