**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sidney A. GRAYSON, Defendant-Appellant.**

**No. 27200**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 18, 1969.

Rehearing Denied Oct. 14, 1969.

Scott Bradley, James Ramsey, Dallas, Tex., Morris Lavine, Los Angeles, Cal., Sidney A. Grayson, Sacramento, Cal., for appellant.

Eldon B. Mahon, U. S. Atty., Merrill L. Hartman, B. H. Timmins, Jr., Asst. U. S. Attys., Dallas, Tex., George W. Ledbetter, Atty. for Regional Counsel, Internal Revenue Service, Dallas, Tex., on brief, for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Appellant's judgment of conviction and sentence to 18 months confinement and $5000 fine were imposed following his plea of *nolo contendere* to Count II of an indictment returned by a grand jury empanelled from and sitting in

the Dallas Division of the Northern District of Texas. The offense charged was willfully and knowingly making and subscribing, under the penalties of perjury, in the Wichita Falls Division of the Northern District of Texas, a false and fraudulent U. S. Corporation Income Tax Return[1] of KSYD Television Company, Inc., for the fiscal year ended November 30, 1959, on the 11th day of January, 1960. The indictment was returned January 14, 1966, following a sworn complaint taken out January 6, 1966, before a United States Commissioner at Dallas. The indictment was returned prior to any preliminary hearing on the complaint. The grand jury was empanelled on January 11, 1966.

■ October 13, 1967, Mr. Grayson entered a plea of not guilty before a Northern District judge at Wichita Falls, and upon defense motion, the case was transferred to the Dallas Division for further proceedings. In that division, after several postponements, at least one or more sought by the defense and without any defense motion for early trial, the *nolo* plea was entered October 28, 1968. The judgment and sentence thereon were followed by this appeal. Questions raised on appeal include the statute of limitations,[2] the territorial jurisdiction of the grand jury which returned the indictment, whether the indictment stated an offense under the laws of the United States, and finally a contention Section 7206(1) of Title 26, either inherently or as construed and applied below violated either the Fifth or Sixth Amendment rights of the appellant.[3] We reject each of these contentions as without merit and affirm the district court.[4]

■ The issuance of the complaint, by the terms of Section 6531 extended the applicable limitation period to October 6, 1966. The indictment itself was actually returned January 14, 1966, by a grand jury shown by the record to have been first empanelled on January 11, 1966. This was prior to any preliminary hearing on the sworn complaint, which was superseded by the indictment. The indictment was not time-barred. Pollock v. United States, 5 Cir. 1953, 202 F.2d 281, 282, cert. denied 345 U.S. 993, 73 S.Ct. 1133, 97 L.Ed. 1401 (1953), makes this clear:

> " * * * However, within the six year period, a complaint had been instituted before a United States Commissioner, a warrant issued thereon and the appellant arrested. The indictment was returned before the discharge of the grand jury at its next session within that district. It appears to us, therefore, that Count 1 was not barred by the statute of limitations."

See also: United States v. Clark, N.D. Ala.1954, 122 F.Supp. 150, 151; Sanseverino v. United States, 10 Cir. 1963, 321 F.2d 714, 715; Zacher v. United States, 8 Cir. 1955, 227 F.2d 219, 224, cert. denied 350 U.S. 993, 76 S.Ct. 542, 100 L.Ed. 858 (1955).

■ As to Grayson's next contention, that a Dallas division grand jury was

---

1. In violation of Title 26, U.S.C., Section 7206(1).

2. Title 26 U.S.C., Sec. 6531, fixes the statutory limitation period for Sec. 7206 (1) prosecutions at 6 years and further provides "[w]here a complaint is instituted before a commissioner of the United States (within the 6-year period) the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States."

3. As stated, this point combines two contentions advanced by appellant. Neither is overlooked.

4. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

without jurisdiction to inquire into offenses committed in another statutory [5] division of the Northern District of Texas, the Wichita Falls Division, the appellant seeks to apply rights of trial in the division and district where the offense is alleged to have been committed, under Rule 18, F.R.Crim.P. and under the Sixth Amendment, so as to provide a guaranteed right to be *indicted* in the division where the offense is laid. Predictably this argument does not find support in the decided cases, in view of the widely differing functions of grand and petit juries. The right to be *tried* before a jury from the vicinage is not impinged upon in the slightest by a finding of probable cause by an otherwise duly and legally constituted grand jury in another division of the same judicial district. See, for example, Wallace v. Hunter, 10 Cir. 1945, 149 F.2d 59, 61; Marvel v. Zerbst, 10 Cir. 1936, 83 F.2d 974, aff'd 299 U.S. 518, 57 S.Ct. 311, 81 L.Ed. 382 (1936); Larramore v. United States, 5 Cir. 1925, 8 F.2d 736, cert. denied 269 U.S. 586, 46 S.Ct. 203, 70 L.Ed. 426 (1925); Salinger v. Loisel, 265 U.S. 224, 235–238, 44 S.Ct. 519, 68 L.Ed. 989, 998, 999 (1924).

■ Appellant next attacks the indictment as being so vague and conclusionary as to fail to set forth sufficient facts to state an offense.[6] He asserts that the italicized language (footnote 6) is a pure conclusion, stating no facts, and that it is necessary for such a count to state the amount that government claims was the correct "taxable income", citing Russell v. United

States, 369 U.S. 749, 769, 770, 82 S.Ct. 1038, 8 L.Ed.2d 240, 254, 255 (1962); M. Kraus & Bros. v. United States, 327 U.S. 614, 66 S.Ct. 705, 90 L.Ed. 894 (1946); and United States v. Cruikshank, 92 U.S. 542, 23 L.Ed. 588 (1876).

The cited cases do not support the position taken by appellant. The indictment contained the statutory elements of the offense in clear, concise language and it sufficiently informed the appellant of the charges against him so that he could prepare to meet them. It was sufficient for him to employ the record to plead former jeopardy in the event of further proceedings against him. It charged an offense under the statute. United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); United States v. Williams, 5 Cir. 1953, 203 F.2d 572, cert. denied 346 U.S. 822, 74 S.Ct. 37, 98 L.Ed. 347 (1953); Webb v. United States, 5 Cir. 1967, 369 F.2d 530; Wheeler v. United States, 8 Cir. 1963, 317 F.2d 615; United States v. Accardo, 7 Cir. 1962, 298 F.2d 133 (involving the same statute, Title 26, U.S. C., Sec. 7206(1)); and United States v. Foster, 7 Cir. 1958, 253 F.2d 457, 459.

■ We reach the final argument raised by appellant, the claimed violation of Fifth and Sixth Amendments, as well as Criminal Rule 48(b), F.R. Crim.P. rights to speedy trial. With respect to the argument that Sixth Amendment rights to a speedy trial were violated we note that delay in indictment, so long as the applicable statute of limitations is followed, does not amount to a Sixth Amendment viola-

---

5. Title 28, U.S.C., Sec. 124.

6. Count II charged: "That on or about the 11th day of January, 1960, in the Wichita Falls Division of the Northern District of Texas, Sidney A. Grayson did willfully and knowingly make and subscribe a U. S. Corporation Income Tax Return of KSYD Television Company, Inc., a corporation, for the fiscal year ended November 30, 1959 which was verified by a written declaration that it was made under the penalties of perjury,

which he did not believe to be true and correct as to every material matter, in that in said return it was stated that the taxable income of the said corporation for the said fiscal year ended November 30, 1959 was the sum of $725.23, whereas, as he then and there well knew, the taxable income of the said corporation for the said fiscal year ended November 30, 1959 *was an amount substantially in excess of the reported amount of $725.23.*" (Emphasis added.)

tion. In other words, the statute is controlling. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Bruce v. United States, 5 Cir. 1965, 351 F.2d 318, cert. denied 384 U.S. 921, 86 S.Ct. 1370, 16 L.Ed.2d 441 (1966), rehearing denied 384 U.S. 958, 86 S.Ct. 1575, 16 L.Ed.2d 553 (1966). Nor is Rule 48(b), F.R.Crim.P., violated if the statute of limitations is not. *Bruce,* supra, 351 F.2d at page 320. See also Harlow v. United States, 5 Cir. 1962, 301 F.2d 361, cert. denied 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56 (1962), rehearing denied 371 U.S. 906, 83 S.Ct. 204, 9 L.Ed.2d 167 (1962).

 As to the interval between indictment and trial, the record shows that the initial delay occurred because there was a shortage of judges in the Northern District of Texas and no judge resided in or was regularly available in the Wichita Falls-Amarillo portion of the district after the death of Honorable Joe B. Dooley. When Grayson was arraigned and pleaded not guilty on October 13, 1967, he moved for and was granted a transfer to the Dallas Division. He was also allowed an extension of time for filing defense motions until December 1, 1967. In February 1968, at the request of defense counsel, the trial was reset from May 6, 1968 to September 3, 1968. The partial record before us does not indicate the reason for the delay from that date to October 28, 1968 when the plea of *nolo contendere* was tendered by the defendant and accepted by the court. Nor does the record, on the other hand, show any effort by the appellant, between those dates or at any other time, to secure an earlier trial. The imposition of sentence was delayed to December 17, 1968, to permit a full pre-sentence investigation, both in Wichita Falls and in Sacramento, California, where appellant's family resided.

This recitation makes it apparent that no showing has been made of prejudicial delay between the date of indictment and the date of change of plea (originally assumed by prosecution and court to be date of trial). These circumstances in no way warrant a holding of violation of F.R.Crim.P. Rule 48(b), Sixth Amendment rights to speedy trial, or Fifth Amendment rights to due process. See Bruce v. United States, supra; Harlow v. United States, supra; Fleming v. United States, 1 Cir. 1967, 378 F.2d 502; United States v. Simmons, 2 Cir. 1964, 338 F.2d 804, cert. denied 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965).

 Additionally, since the judgment of conviction is based on a plea of nolo contendere, the legal equivalent of a guilty plea, the plea is an admission of guilt and a waiver of all non-jurisdictional defects, including the right to object to delay in trial under F.R.Crim.P. 48(b) or the Sixth Amendment. United States v. Doyle, 2 Cir. 1965, 348 F.2d 715, cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965).

The appellant has failed to demonstrate that error occurred in any of the particulars urged. The judgment is

Affirmed.