**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Clarence COOK, Defendant-Appellant.**

**No. 71–3367**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 10, 1972.

Rehearing Denied Aug. 22, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Under a five-count information filed February 19, 1969, in the Middle District of Florida, Jacksonville Division,[1] Cook was charged with separate offenses of willful and knowing failure to make an income tax return to the District Director of Internal Revenue or any other proper officer for each of the years 1962 to 1966,[2] inclusive, when he had received a gross income in excess of $600.00 in each of said years, in violation of Title 26, U.S.C., Section 7203.

At arraignment on March 7, 1969, Cook plead not guilty and at his request was allowed 60 days thereafter within which to file motions, the case being continued to be set for trial at a later date. Thirty-two months later on November 2, 1971, Cook plead guilty to Counts II and III of the indictment (involving willful failure to file income tax returns for the calendar years 1963 and 1964) before a district judge of the Southern District of Florida, to which court the case had been transferred at Cook's motion on July 6, 1970. He was adjudged guilty and sentence was imposed of consecutive six months confinement terms and fines of $5,000 on each of the two counts, with imprisonment directed to be served concurrently with the sentence in No. 70–537–CR.[3]

Louis Vernell, Miami Beach, Fla., for defendant-appellant.

1. The office of the Director of Internal Revenue for the State of Florida is located at Jacksonville, within the Middle District. At all pertinent times the defendant-appellant resided at Miami, within the Southern District of Florida.

2. As noted by the appellant on brief, as to Count I for the calendar year 1962 the information was filed within two months of the expiration of the 6-year statute of limitations, Title 26, U.S.C., Section 6531 (4).

3. This was a separate proceeding before another judge in which Cook was tried, convicted and sentenced for unrelated charges on April 5, 1971, while the information in the instant case was pending and undisposed of in the Southern District of Florida.

Among numerous motions [4] presented by Cook and ruled on by judges in the Middle and Southern Districts of Florida in the interval between his arraignment and his plea of guilty were a motion to dismiss and a supplemental motion to dismiss asserting the denial of his Sixth Amendment right to a speedy trial because of pre-information delay, because of the delay between the filing of the information and final disposition thereof, and because of prejudice to Cook by reason of the government's delay in complying with a requirement that he be furnished a list of government witnesses.[5]

The trial judge on November 3, 1971, denied Cook's last series of motions (filed November 2, 1971, see footnote 5, supra).

At this point, rather than go to trial, Cook entered his pleas of guilty under an express agreement and understanding with the United States and the trial judge that his rights to appeal from the order denying his motion to dismiss and his supplemental motion to dismiss were preserved.[6] We note particularly that at

4. In addition to the motions to dismiss the information, these included motions: (a) to compel disclosure by the United States of all evidence favorable to the defendant; (b) for Bill of Particulars and motion for supplemental Bill of Particulars; (c) to suppress evidence seized from the defendant's person or premises at the time of his arrest; (d) to suppress any evidence secured by electronic recordings and any statements made by the defendant; (e) to compel election between the separate counts of the information or, in the alternative, for separate trial thereunder; (f) for discovery under Criminal Law No. 16; (g) for disclosure of the names and addresses of confidential informants; (h) for disclosure with respect to authority for interception of wire or oral messages, under Title 18, U.S.C., Section 2518(8) (d); (i) to transcribe grand jury minutes; (j) for leave to travel to San Diego, California, to respond to charges pending there against the defendant, and several motions by the defendant and by the government with respect to the conditions of his appearance bail bond, to estreat the bond, to enlarge or to restrict the conditions of his bond, and similar matters. The bail matters resulted in two intervening appeals to this Court while the information was pending. The disposition of one is reported as United States v. Cook, 5 Cir. 1970, 428 F.2d 460, while the latter appeal was finally dismissed under our Local Rule 9(b) for want of prosecution on March 29, 1971. The latter dismissal is not officially reported.

The list of motions set out above requiring disposition by the judges of the two courts involved is probably incomplete, but is sufficiently so for purposes of this opinion. We review this case on a restricted Appendix.

As to the effect upon the Sixth Amendment right to a speedy trial of numerous pre-trial motions on the part of a defendant, see Dickey v. Florida, 1970, 398 U.S. 30, at page 48, 90 S.Ct. 1564, at page 1574, 26 L.Ed.2d 26 (special concurring opinion of Mr. Justice Brennan):

"A defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares responsibility. It has been held, for example, that an accused cannot sustain a speedy trial claim when delay results from his . . . making dilatory pleadings or motions, failing to object when a continuance is granted the government, . . . "

See further our opinion in Harlow v. United States, 5 Cir. 1962, 301 F.2d 361, 367:

" . . . From that time until the trial, a period of about one year, the appellants made various discovery motions. This later delay, therefore, resulted from their own actions, and they cannot now complain that it was unnecessary and unreasonable . . . "

5. The district judge ordered the list of witnesses furnished within three days on December 15, 1970. Compliance on the part of the United States, by furnishing a list of 147 witnesses occurred on Friday, October 29, 1971, prior to the trial date set for Monday, November 2, 1971. The defendant Cook on November 2 filed his motion noting the long delay and asking that both the persons whose names appeared on the list and any other witnesses not included thereon be excluded from testifying. On the same day he filed his supplemental motion to dismiss based on denial of his Sixth Amendment right to a speedy trial and violation of Rule 48 (b), F.R.Crim.P.

6. Because the existence of this agreement is certified to by the trial judge in a supplemental record furnished us, we feel an obligation to consider the appeal on the merits, despite recognizing that pleas of guilty ordinarily constitute a waiver

this point he did not seek a continuance on the ground of the late filing of the list of government witnesses and the length of the list.

After careful consideration, we affirm Cook's conviction based on the pleas of guilty entered on November 3, 1971.

■ Prejudice to the appellant's rights is not demonstrated to have occurred because of the delay in the commencement of the prosecution by the filing of the information. See United States v. Marion, 1971, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468; United States v. Judice and Merritt, 5 Cir. 1972, 457 F. 2d 414 and order denying petition for rehearing March 23, 1972; United States v. Grayson, 5 Cir. 1969, 416 F.2d 1073, cert. denied 1970, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753; Bruce v. United States, 5 Cir. 1965, 351 F.2d 318, cert. denied 1966, 384 U.S. 921, 86 S.Ct. 1370, 16 L.Ed.2d 441, rehearing denied 1966, 384 U.S. 958, 86 S.Ct. 1575, 16 L. Ed.2d 553. Neither did the pre-prosecution delay constitute a violation of Rule 48(b), F.R.Crim.P. *Bruce*, supra, 351 F.2d at page 320; Harlow v. United States, 5 Cir. 1962, 301 F.2d 361, cert. denied 1962, 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56, rehearing denied 1962, 371 U.S. 906, 83 S.Ct. 204, 9 L.Ed.2d 167.

■ As for the interval between the filing of the information and the trial date upon which pleas of guilty were accepted, while fully supporting the right of Cook's counsel to file such motions as in his judgment were necessary and proper, we think that the district courts involved were entitled to a reasonable time within which to deal with the plethora of motions which Cook did file. We note that many months of the delay were caused by Cook's appeals, disagreeing with the conditions imposed by the trial court with reference to his appear-

ance bonds and his absence with court permission on one occasion to respond to criminal charges in California. Despite the number, the verbosity and the vehemence of the numerous motions Cook's attorney filed on his behalf, we have looked in vain for a motion on his part anywhere along the line asking for a speedy trial. For all that this record shows, the several continuances were ordered to meet the court's convenience and were not at government motion, although this observation may infer too much from an examination of the abbreviated Appendix presented here. We read nothing sinister into the government's decision to proceed with Cook's trial in the later case, No. 70–537–Cr., during the pendency of the instant prosecution. We see this development as simply an exercise of prosecutorial discretion. We find both incomprehensible and reprehensible the government's unexplained delay of ten or eleven months in complying with the trial court's direction to furnish Cook with a list of government witnesses, and we think certainly that Cook might have been able to demonstrate prejudice in this respect if he had been forced to go to trial on November 2 or 3, 1971, without an opportunity to investigate the list of witnesses furnished him on October 29. But Cook did not choose to go to trial nor did he choose to ask for a continuance of the trial date on the basis of the late furnishing of the list. Presumably counsel felt that more tactical benefit would be forthcoming by not moving for continuance. But without a motion for continuance of trial and instead an about-face and the entry of pleas of guilty, we fail to find prejudice demonstrated.

The judgment and sentence of conviction are

Affirmed.

---

of all non-jurisdictional defects. Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1010; United States v. Doyle, 2 Cir. 1965, 348 F.2d 715, 718, including the right to object to delay in trial under F.R.

Crim.P., Rule 48(b) or the Sixth Amendment; United States v. Grayson, 5 Cir. 1969, 416 F.2d 1073, cert. denied, 1970, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed. 2d 753. Compare United States v. Rosenberg, 5 Cir. 1972, 458 F.2d 1183.