**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Forrest ANDERSON, Defendant-
Appellant.**

**No. 72–1621
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1972.

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 P.2d 409, Part I.

Lynn S. Patton, Longview, Tex., for defendant-appellant.

Donald E. Walter, U. S. Atty., D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from a judgment of conviction for violations of federal firearm regulation statutes. Finding that the trial judge made remarks to the defendant that to a significant degree could have inhibited defendant's right both to demand a jury trial and to testify on his own behalf, we reverse and remand the case for a new trial.

Defendant-appellant, Forrest Anderson, was charged under 26 U.S.C.A. §§ 5861(d), 5861(i), and 5871 with illegally possessing an unregistered sawed-off shotgun that was not identified by the required serial numbers. During a hearing on appellant's motion to suppress evidence, appellant testified concerning the circumstances of his arrest and the seizure of the shotgun. The version of those events related by appellant and another person arrested at the same time differed markedly from the version told by the several police officers who had effectuated the arrests and seizure. At the conclusion of the hearing, the following colloquy took place:

THE COURT: "It is plainly apparent this was a legal search and seizure . . .

"We believe the officers instead of the defendant insofar as the manner in which [the events occurred]

. . .

. . . . . .

"We recommend that counsel for the defendant talk with his client about the possibility of the man having committed perjury before this court at this hearing, and possibly being convicted for possession of the gun and also additional perjury at the trial before the jury, if he gives

the same testimony that he gave here today. So he is faced with two perjury counts if he goes to trial, namely, sentences up to five years imprisonment each, and also the substantive count involved in this indictment—two counts in the indictment . . .

"What is the maximum penalty on each of these counts?"

MR. PERKINS [one of the attorneys]: "A fine of not more than $10,000 or imprisonment of not more than ten years, or both."

THE COURT: "You are looking at possible maximum penalties of thirty years plus the fines."

Appellant thereafter withdrew his previous plea of not guilty and entered a plea of guilty. The trial judge carefully admonished appellant regarding a defendant's rights when pleading guilty, inquired into the voluntary character of the plea and appellant's knowledge of his rights, and accepted the plea. A judgment of conviction and sentence was entered and appellant subsequently filed a motion for new trial or alternatively to reduce sentence. The motion was filed in contemplation of 28 U.S.C.A. § 2255 on the ground that the guilty plea was unconstitutionally coerced by the judge's remarks at the earlier hearing.[1] From the denial of that motion appellant brings this appeal.

■■ The sole question necessary for the disposition of this appeal is whether the judge's remarks as a matter of fact or as a matter of law coerced appellant's guilty plea. We have studied the transcript of the trial court's cautious inquiries into the circumstances of the plea, which led the trial court to find that the plea "had been entered freely and voluntarily, with full knowledge and understanding of the possible consequences of the plea." We recognize the great weight that normally should be given to the trial judge's determination of the voluntariness of a plea;[2] nevertheless, we think it obvious that the only interpretation appellant could draw from the trial judge's remarks was that if he elected to stand trial and if he repeated his prior testimony, he would be convicted of perjury. In plain and simple fact, appellant was told by the judge hearing his trial that he was "looking at" an additional maximum penalty of ten years imprisonment "if he goes to trial" and "if he gives the same testimony."

■■ We find as a matter of law that these particular statements constituted an improper influence that prejudiced appellant's unqualified right to elect to stand trial on a plea of not guilty. Although warning a criminal defendant about the consequences of perjury may sometimes be acceptable or even desirable, to threaten a perjury conviction *if* the defendant stands trial and *if* the defendant takes the stand and testifies consistent with his prior statements is to deprive the plea thus "induced" of any element of voluntariness. A voluntary plea must be free of intimidatory implications. Rule 11, Fed.R.Crim.P., requires more than mere ritualistic forensics and commands an inquiry leading to a determination that the guilty plea is

---

1. Appellant alleged in support of the motion that

"The Court erred in instructing the Defendant, Forrest Anderson, that unless he plead guilty to the charges filed against him, the Court would see that the Defendant was charged with the criminal offense of perjury. Defendant Forrest Anderson was placed in such a state of emotional pressure that he in effect was coerced by the Trial Court to enter his plea of guilty. Defendant, Forrest Anderson, would show that had such statements not been made by the Trial Judge, he would not have entered a plea of guilty but would have stayed with his original plea of not guilty and gone to trial on the merits of the case."

2. When constitutional rights are in issue, formalistic recitations regarding the voluntariness of a guilty plea will not prevent an appellate court from inquiring into the totality of circumstances surrounding the plea. *See, e. g.* Gallegos v. United States, 5 Cir. 1972, 466 F.2d 740.

not hyphenated by extrinsically coercive factors. Although Rule 11 was *apparently* complied with here, we hold that the earlier remarks of the trial judge constituted an insurmountable element of coercion. An involuntary guilty plea is void, *see* Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473, therefore this judgment must be vacated, appellant must be allowed to enter a new plea, and thus a new trial must be granted.

Reversed and remanded.