**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles CASH, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mildred RODRIGUEZ, Defendant-
Appellant.**

**Nos. 73-2297, 73-2364.**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1973.

---

Jack V. Eskenazi, Federal Public Defender (Court-appointed not Under Act), Charlene H. Sorrentino, Asst. Federal Public Defender, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., William R. Northcutt, Joel C. Fanning, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appeal is taken in these cases, tried separately below but consolidated here, from denial in the District Court of motions for dismissal of the respective informations for failure to allege facts which constituted a violation of the

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Food Stamp Act of 1964, 7 U.S.C.A. § 2023(b).[1] Subsequent to denial of these pretrial motions, each defendant entered a plea of nolo contendere expressly stating in open court his/her intention to preserve the jurisdictional defect for appeal. Conviction and sentencing followed.

Whatever doubts there may be as to the situations in which errors can be urged by an appeal after a plea of nolo contendere, it is well settled that a plea of guilty or, as here, nolo contendere does not foreclose appellate review of whether the indictment (or information) charged a crime against the United States. United States v. Ury, 2 Cir., 1939, 106 F.2d 28; United States v. Cox, 6 Cir., 1972, 464 F.2d 937; Rice v. United States, 5 Cir., 1929, 30 F.2d 681; Haynes v. United States, 5 Cir., 1967, 372 F.2d 651, reversed on other grounds, 1968, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923.

Despite the clear appealability of the issues raised, we find them to be without merit. We conclude that the plain language of 7 U.S.C.A. § 2023(b) (note 1, *supra*) is supportive of the lower court's determination that the acts committed by the appellants fell within its proscription.[2] Count VI of each information charged appellants with acceptance of food coupons in payment for ineligible retail merchandise.[3]

A careful reading of § 2023(b) indicates that the undenied facts charged in count VI of the information constituted a violation. The statute prohibits *anyone* from *acquiring* or *possessing* coupons "in any manner not authorized by * * * the regulations issued pursuant to * * * [the act]. (See note, 1, *supra*). Title 7, C.F.R. § 272.2(b) provides in part:

"Coupons shall be accepted by an authorized retail food store only in exchange for eligible food as defined in § 270.2(s) of this subchapter * * *."

Thus the *acquisition* by an authorized retailer or agent of a coupon issued under the Act for any ineligible item is clearly chargeable as a violation of 7 U. S.C.A. § 2023(b).[4]

We conclude that the District Court was correct when it denied appellants' motions to dismiss the information for failure to state an offense and proceeded with the trials. The nolo plea admitted the acts and all of the elements of the crime. There it ends.

Affirmed.

---

1. 7 U.S.C.A. § 2023(b) provides:

   "Whoever knowingly uses, transfers, acquires, alters, or possesses coupons or authorization to purchase cards in any manner not authorized by this chapter or the regulations issued pursuant to this chapter shall, if such coupons or authorization to purchase cards are of the value of $100 or more, be guilty of a felony and shall, upon conviction thereof, be fined not more than $10,000 or imprisoned for not more than five years or both, or, if such coupons or authorization to purchase cards are of a value of less than $100, shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not more than $5,000 or imprisoned for not more than one year, or both."

2. Undisputed evidence established that, on separate occasions, Cash, at that time the co-owner of a small grocery store in Miami, and Rodriguez, then employed as a cashier in another small grocery store in Hialeah, Florida, received food stamp coupons as payment for unauthorized items of retail merchandise.

3. The remaining five counts of each information were dismissed by the government.

4. We fully reject appellants' artfully framed argument that their action fell within the proscription of 7 U.S.C.A. § 2023(c) instead of § 2023(b). Again, referring to the plain language of the statute, § 2023(c) clearly covers a situation where food coupons are presented for payment or redemption. Such a transaction was absent in the instant fact situation.