**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin Richard MIZELL, Defendant-
Appellant.**

**No. 72–1397.**

United States Court of Apepals,
Fifth Circuit.

Nov. 30, 1973.

theory apparently being that without the evidence sought to be suppressed the government could not have made out the requisite case.

The sentencing Judge credited this theory to the extent that in response to a plea bargain struck[1] between the government and defendant on the entry of the nolo plea and resulting conviction on it the defendant would nevertheless have a right to appeal the correctness of the Court's ruling on suppression.

We have held this case awaiting en banc decision in United States v. Sepe, 5 Cir., 1973, 486 F.2d 1044 (en banc),[2] to determine whether an appeal properly lies after a plea of guilty—or its consequential equivalent, a plea of nolo contendere—to raise non-jurisdictional issues. Haynes v. United States, 5 Cir., 196., 372 F.2d 651, reversed on other grounds, 1968, 390 U.S. 85, 88 S. Ct. 722, 19 L.Ed.2d 923.

In affirming the panel in *Sepe* the Court en banc has in strong terms indicated its disapproval of any such conditional pleas and implicitly the mechanism by which an appeal is sought from a plea of *guilty*. United States v. Sepe, *supra*. The Court's en banc opinion declares ". . . we now take advantage of an opportunity to say that as a matter of policy this court disapproves the practice of accepting pleas of guilty or nolo contendere if they are coupled with agreements that the defendant may nevertheless appeal on nonjurisdictional grounds."

As in *Sepe* this case illustrates the soundness of this rule. The defendant's theory was that the initial arrest was invalid and hence did not justify the warrantless search of his nearby parked vehicle made by the officers, so they asserted, under the predetermined policy of inventorying any vehicle upon being

Richard M. Gale, William M. Moran, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Robert N. Reynolds, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and INGRAHAM, Circuit Judges.

BROWN, Chief Judge:

Appellant appeals from a conviction on a plea of nolo contendere for passing a $20.00 bill (count I) and possessing 15 counterfeit $20.00 federal reserve notes (count II), 18 U.S.C.A. § 472. The sole error asserted is that the trial court erred in denying his motion to suppress, the

---

1. The essence of the bargain was that in return for dismissal of count I of the indictment appellant would change his plea to nolo contendere on count II with the further condition that he have the right to appeal the denial of the motion to suppress.

2. En banc hearing was also granted in United States v. Caraway and Scales, 5 Cir., 1973, 474 F.2d 25, dismissed as moot by the Court en banc, 5 Cir., 1973, 483 F.2d 215.

taken into police custody.[3] The principal element of the theory was that simply *passing* a counterfeit bill is not enough since there must be proof of knowledge/intent—an unquestioned truth in testing conviction, but not necessarily so in assaying arrest, search, or both.

To cast the whole thing into the highly simplified question of whether the motion to suppress should properly have been sustained assumes that what the trial court found was an adequate factual basis for the arrest/search is *all* the evidence the government has. Although that may be so in a large number of instances, neither the trial judge in his role as umpire—not advocate,[ nor the appellate court from its restrictive position have the facilities for ascertaining what the true situation is.[4] Indeed, on argument we are told with positiveness that had the case gone to trial the government had abundant other evidence to establish knowledge/intent and that the reason it did not offer it on the suppression hearing was that counsel felt that the District Judge would do as he did and deny the motion.[5]

The wisdom of the rule—that seldom[6] is a conviction reviewable after nolo or guilty plea—is reflected in the nearly unanimous practice of the other Courts of Appeals. The Third,[7] Fourth,[8]

---

3. The following summary from the government's brief is a fair statement of the underlying facts:

"On the 15th of October, 1971, at approximately 6:30 p. m., Bruce Taylor, a Clewiston, Florida police officer, answered a call at the Clewiston bar. When the complaint involved was resolved, Officer Taylor left the bar and at that time observed Hendry County Deputy Sheriff Buckey Hood. Deputy Hood was conversing with a Mr. Cox who is the proprietor of a nearby grocery store. It was at this time that Officer Taylor first observed the petitioner, Mr. Mizell, who was going out of Mr. Cox's store.

Cox, the store proprietor, had just received from the petitioner a $20.00 bill which appeared faded on the back. Cox showed Officer Taylor the bill and identified Mizell to Taylor as the man who had given him the bill.

At this time Officer Taylor, Deputy Hood and store owner Cox all agreed that the bill didn't appear genuine. Based upon this suspicion, Officer Taylor then arrested Mizell who had continued down the street.

The arrest of Mizell occurred approximately 50 feet from his automobile which was parked in a private lot. Officer Willis and Officer Tyson of the Clewiston Police Department, in addition to Officer Taylor, took Mizell into custody at this time by placing him in the rear of the police cruiser. Officer Willis then remained at the scene and conducted an inventory incident to the arrest of the contents of Mizell's vehicle per Clewiston Police Department regulation. The inventory of the automobile revealed 13 counterfeit $20.00 bills. A further search of Mizell's person at the police station revealed a counterfeit $20.00 bill in the toe of his

shoe and three counterfeit $20.00 bills in his wallet."

4. In *Sepe* we were likewise asked to make a judgment on what might have been, or more accurately, might not have been. After a motion to suppress certain evidence obtained in a particular search was granted, the defendant stood on his plea of not guilty. Without the Judge ever repudiating the prior suppression order as to the defendant Sepe, he nonetheless changed his plea to guilty after a couple of government witnesses were heard. On appeal from the conviction after plea of guilty the theory presumably was that the change of plea was made because the admission of some testimony relating to the same suitcase indicated that the Judge would eventually repudiate the earlier suppression. We declined to engage in such speculation.

5. Of course the government on appeal under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. § 3731, is stuck with the record as made if the motion is sustained. But we have recognized that for some aspects the case does not turn on the record as it stands. Frequently proceedings on remand are required. United States v. Lyles, Jr., 5 Cir., 1972, 471 F.2d 1167; United States v. Impson, 5 Cir., 1973, 482 F.2d 197.

6. Of course review is available to attack the unconstitutionality of the statute, United States v. Haynes, *supra*, or whether the acts charged constitute a crime. United States v. Cash and United States v. Rodriguez, 5 Cir., 1973, 486 F.2d 295.

7. See Abram v. United States, 3 Cir., 1968, 398 F.2d 350; United States v. Ptomey, 3 Cir., 1966, 366 F.2d 759.

8. See United States v. Mathews, 4 Cir., 1973, 472 F.2d 1173.

Sixth,[9] Seventh,[10] Tenth [11] and District of Columbia [12] Circuits decline to recognize appealability from nolo/guilty pleas to raise evidentiary non-jurisdictional issues. The First,[13] Second,[14] Eighth,[15] and Ninth,[16] while less stringent in their application of the waiver rule, nevertheless apply it allowing appeals on non-jurisdictional issues only under highly restrictive circumstances.

But appealing after a nolo/guilty plea has at least two more disadvantages in addition to that of putting the appellate court in a speculation as to what might have happened had the Judge rejected such a conditional plea. The first is in delineating those matters which are reachable by such appeals. The constitutionality of the underlying statute or the failure of the indictment to state an offense are clearly at one end of the spectrum. But how far does it go? Would it include an attack upon the sufficiency of the evidence? A jury instruction? An evidentiary ruling? The second disadvantage is that it adds to the already substantial problems of the sentencing Judge inherent in the F. R.Crim.P. Rule 11 on guilty pleas. If the sentencing Judge accepts the proposed conditional plea he has first to predict [17] what the Court of Appeals will

9. See United States v. Cox, 6 Cir., 1972, 464 F.2d 937.

10. See United States v. Cosentino, 7 Cir., 1951, 191 F.2d 574; McGrath v. United States, 7 Cir., 1968, 402 F.2d 466.

11. See United States v. Soltow, 10 Cir., 1971, 444 F.2d 59; Roeth v. United States, 10 Cir., 1967, 382 F.2d 96, cert. denied, 390 U. S. 1016, 88 S.Ct. 1267, 20 L.Ed.2d 165; Zebelman v. United States, 10 Cir., 1964, 339 F.2d 484.

12. See Watts v. United States, 1960, 107 U. S.App.D.C. 367, 278 F.2d 247; Edwards v. United States, 1958, 103 U.S.App.D.C. 152, 256 F.2d 707, cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; United States v. Dorsey, 1971, 146 U.S.App.D.C. 28, 449 F.2d 1104, although in the latter case the court expressed some approval for the New York State procedure which permits questions to be preserved on appeal following pleas of guilty.

13. See United States v. Karger, 1 Cir., 1971, 439 F.2d 1108, cert. denied, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696; United States v. Webb, 1 Cir., 1970, 433 F.2d 400. The First Circuit, however, has reached a speedy trial question following a guilty plea by distinguishing it from evidentiary matters which go directly to the determination of the defendant's guilt. United States v. DeCosta, 1 Cir., 1970, 435 F.2d 630.

14. See United States v. Moretti, 2 Cir., 1965, 353 F.2d 672, vacated and remanded on other grounds, 387 U.S. 425, 87 S.Ct. 1709, 18 L.Ed.2d 864. The Second Circuit has allowed review of a motion to dismiss an indictment following an admission of guilt where the asserted grounds for dismissal were that appellant's right to a fair trial was compromised by adverse publicity. United States v. Grassia, 2 Cir., 1965, 354 F.2d 27. That court has also considered the legality of a search following a guilty plea in a state case where that procedure was specifically sanctioned by state law reasoning that the defendant relied on the applicable state procedural statute in entering the plea. United States ex rel. Rogers v. Warden, 2 Cir., 1967, 381 F.2d 209. Dicta from other Second Circuit cases indicates that non-jurisdictional issues might be preserved on appeal if specifically reserved. See United States v. Doyle, 2 Cir., 1965, 348 F.2d 715; United States v. Mann, 2 Cir., 1971, 451 F. 2d 346.

15. See United States v. Clark, 8 Cir., 1972, 459 F.2d 977, cert. denied, 409 U.S. 880, 93 S.Ct. 209, 34 L.Ed.2d 135; Hughes v. United States, 8 Cir., 1973, 371 F.2d 694. The Eighth Circuit has allowed an appeal from denial below of a motion to dismiss the indictment following a nolo plea where the question was whether the offense was barred by the statute of limitations. Jaben v. United States, 8 Cir., 1964, 333 F.2d 535, affirmed, 381 U.S. 214, 85 S.Ct. 1365, 14 L. Ed.2d 345.

16. See Thomas v. United States, 9 Cir., 1961, 290 F.2d 696, cert. denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401; Benton v. United States, 9 Cir., 1965, 352 F.2d 59. That court has, however, on occasion reached evidentiary issues following admissions of guilt by permitting attacks on the voluntariness of the plea where it is alleged that the plea was induced by a deprivation of fundamental constitutional rights. See Doran v. Wilson, 9 Cir., 1966, 369 F.2d 505; Briley v. Wilson, 9 Cir., 1967, 376 F.2d 802.

17. Illustrative of the difficulties in prediction or in the conscientious Judge's efforts to assure full rights to a defendant are United States v. Rosenberg, 5 Cir., 1972, 458 F.2d

decide as to appealability of *that* particular case. This means that if, as is true here, his prediction of appealability is faulty because of action of the Court of Appeals, the whole plea and sentencing procedure is infected by an assurance given which either was not, or could not have been, made good.

■ That is what happened here. Since it is plain from the precision of the plea/sentencing procedure that it was all tied into the reservation of a right to appeal which the Judge expressly accorded, the conviction must be vacated so that defendant can withdraw the conditional plea and plead anew. Santobello v. New York, 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Johnson v. Beto, 5 Cir., 1972, 466 F.2d 478; James v. Smith, 5 Cir., 1972, 455 F.2d 502; United States v. Anderson, 5 Cir., 1972, 468 F.2d 440.

Vacated and remanded.

1183; United States v. Cook, 5 Cir., 1972, 463 F.2d 123; United States v. Wysocki, 5 Cir., 1972, 457 F.2d 1155, in all of which we undertook to review the contentions even though we had great doubts as to appealability.