Sherman M. Brod, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., W. Christian Hoyer, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard Luther HALFACRE,**
**Defendant-Appellant.***

**No. 77–5567**

**Summary Calendar.****

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1978.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Richard Halfacre was charged in a two count indictment with

(1) engaging in the business of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1), 924(a); and,

(2) selling, transferring or delivering a firearm without a license to a person whom he knew lived in another state. 18 U.S.C. §§ 922(a)(5) and 924(a).

Pursuant to a plea agreement, Halfacre was convicted of the first count, and the second count was dismissed.

---

* *Editor's Note:* The opinion of the U. S. Court of Appeals, Fifth Circuit, in *United States v. Menchaca*, published in the advance sheets at this citation (566 F.2d 534), was withdrawn from the bound volume at request of the court.

** Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

In the plea agreement, Halfacre specifically reserved his right to appeal certain nonjurisdictional issues. It is obvious that Halfacre's guilty plea was intimately tied to the reservation of his right to appeal. In *United States v. Sepe*, 5 Cir. 1973, 486 F.2d 1044 (en banc), this Court expressed its disapproval of this type of plea agreement. See *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Following *Sepe*, this Court in *United States v. Mizell*, 5 Cir. 1973, 488 F.2d 97, vacated a conviction pursuant to a similar plea agreement, to allow the defendant to plead anew. Although this Court reached a different result in *United States v. Fernandez*, 5 Cir. 1977, 556 F.2d 1246, *Fernandez* involved a distinguishable fact situation; and thus, *Mizell* dictates the preferred remedy.

The conviction is therefore vacated, and this case is remanded to the district court to allow the defendant to plead anew.

VACATED and REMANDED.