Simpson J. ADAMS, Individually; Simpson J. Adams and Myrtle R. Adams, Trustees for; Montez Adams Walker, Ruby Adams Deal, and Simpson J. Adams; and Adams, Inc., Plaintiffs,

v.

COLUMBUS MANUFACTURING COMPANY, West Point Manufacturing Company, and Dixie Mills, Incorporated, Defendants.

Civ. A. No. 754.

United States District Court
M. D. Georgia,
Columbus Division.

Dec. 30, 1958.

---

1. Restatement of Conflict of Laws, § 378.

2. See affidavit of F. J. Green, Jr., Document No. 15 in Clerk's file.

3. Ibid.

Foley, Chappell, Kelly & Champion, Columbus, Ga., Love, Thornton & Arnold, Ralph Bailey, Jr., Greenville, S. C., for plaintiffs.

Hatcher, Smith, Stubbs & Rothschild, Columbus, Ga., Eaton, Bell, Hunt & Seltzer, Charlotte, N. C., Spalding, Sibley, Troutman, Meadow & Smith, Atlanta, Ga., for defendants.

BOOTLE, District Judge.

In this action which alleges patent infringement the defendants have moved for a summary judgment in their favor on the grounds that the patent in suit and all its claims are invalid and void and have not been infringed by the defendants "as a matter of law" and that there is no genuine issue as to any material fact. In their written brief supporting this motion the defendants define the issue raised by the motion as follows: "Whether the claims of the patent in suit are void as a matter of law (1) for *want of novelty* in that each of the claims recite the old and exhausted combination shown in Patent No. 2,129,639 (now expired) and/or (2) for *want of invention* as claiming more than the patentee invented." (Emphasis supplied). More specifically, the defendants urge that under the expired patent the patentee plaintiff enjoyed a 17 year patent monopoly on the combination of a bar, a pair of electric conductors, a plurality of electric switches and a drop wire; that toward the latter part of this monopoly he improved the switch and re-patented the same combination with this improved switch as an element thereof; that the other old parts in the combination perform no new function in the combination when the improved switch is present; that the improved switch, if patentable at all, should have been patented as such and not in combination with the other old elements, and that the patent in suit is void in claiming more than the patentee invented.

The defendants urge further that the two patents involved are simple and need no expert testimony to explain them and that this court can hold as a matter of law that the claims of the patent in suit are invalid and void and fully anticipated by the prior patent. For the alleged invalidity of the patent in suit the defendants rely heavily on the case of Lincoln Engineering Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 58 S. Ct. 662, 82 L.Ed. 1008, and for the availability of summary judgment in this case they rely upon the cases of Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 2 Cir., 1956, 233 F.2d 9, 10; Delco Chemicals v. Cee-Bee Chemical Co., D.C.S.D.Cal.1957, 157 F. Supp. 583, and Allen v. Radio Corporation of America, D.C.D.Del.1942, 47 F. Supp. 244.

In opposition to this motion the plaintiffs urge that in order to resolve the defendants' contentions the court must make a comparison between the combinations of structural elements defined by the claims of the two patents and that in making such comparison the court must decide questions of fact, that the question of anticipation involves a factual determination and that this is a case bristling with fact controversy and that neither side may be expected to try it on affidavits. For the validity of the patent in suit the plaintiffs insist that the holding of the Lincoln Engineering Co. case, supra [303 U.S. 545, 58 S. Ct. 664], that: " * * * the improvement of one part of an old combination gives no right to claim that improvement in combination with other old parts which perform no new function in the combination. * * * " has no application because, the plaintiffs insist, the other old parts, in combination with the improved switch, do perform new functions in the combination. For the

non-availability of summary judgment the plaintiffs rely chiefly upon Inglett & Company v. Everglades Fertilizer Co., 5 Cir., 1958, 255 F.2d 342.

All of the authorities cited as to the availability or non-availability of summary judgment in patent cases teach that it must indeed be a rare patent case which can be thus summarily truncated. Accordingly, the District Court, in Vermont Structural Slate Co. v. Tatko Bros. Slate Co., D.C.N.D.N.Y.1955, 134 F.Supp. 4, 5, said:

> " * * * The rareness of such application for summary judgment in a patent case, together with the continued warnings of the Court of Appeals, Second Circuit, [we may substitute Fifth Circuit, Inglett & Co. v. Everglades Fertilizer Co. supra] that even in the ordinary lawsuit summary disposition should only be exercised with great care, constitutes a combination that has made my approach one of extreme consideration and caution."

While in the Vermont Structural Slate Co., Delco Chemicals and Allen cases, supra, summary judgments were granted in patent cases it could perhaps more confidently be asserted in those cases than in this that there was no genuine issue as to any material fact. It may be noted, for instance, that in the Delco Chemicals case, supra [157 F.Supp. 590], the presumption of patent validity was overcome by a concession that prior pertinent patents were "not cited or considered by the patent office", whereas in the instant case while the record shows that the prior patent involved was not cited there is no concession that it was not considered and, in deed, plaintiffs' counsel have asserted their right to adduce testimony showing that it was considered by the Patent Office.

This court is inclined to the view that the resolution of questions of novelty, anticipation, combination of elements and the functioning and results thereof ordinarily, and here, involve factual determinations which cannot be disposed of by the rendition of summary judg-ments. See Inglett & Co. v. Everglades Fertilizer Co. supra. In this case, for instance, while many of the defendants' factual contentions are supported by the affidavit of their expert, Mr. Roy A. Martin, they are flatly negated by the affidavit of plaintiffs' expert, Dr. Hugh M. Brown, who says:

> " * * * I further find that the claims of the patent in suit do not apply to the structure shown in the expired Adams patent No. 2,129,639, the claims being directed to a different combination of structural elements which function in a different way to produce improved results and new results not contemplated by the structure shown in the expired Adams patent * * * "

Accordingly, defendants' motion for summary judgment is hereby denied.