**AG PRO, INC., Plaintiff-Appellant,**

v.

**Bernard A. SAKRAIDA, Defendant-Appellee.**

**No. 29708.**

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1971.

Kolisch & Hartwell, J. Pierre Kolisch, John W. Stuart, Portland, Or., for plaintiff-appellant; Frank Hunter, Edwards, Belk, Hunter & Kerr, El Paso, Tex., of counsel.

J. F. Hulse, Stephen B. Tatem, Jr., Scott, Hulse, Marshall & Feuille, El Paso, Tex., for defendant-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of the Court of Claims.

SIMPSON, Circuit Judge:

The issue before us in this patent infringement case is the propriety of the entry of summary judgment by the district court in favor of the defendant-appellee, Bernard A. Sakraida. This summary judgment meets the fate of many others before it. We reverse and remand for further proceedings.

On October 8, 1968, the suit was filed claiming infringement of United States Letters Patent No. 3,223,070, titled "Dairy Establishment". The plaintiff, Ag Pro, Inc. is the owner of the patent as assignee of the inventors, Donald Joseph Gribble and Henry E. Bennett. The corporation was formed by Gribble and Bennett for the purpose of commercially exploiting the invention disclosed in the patent.

The patent deals with the ancient and puzzling problem of disposing conveniently and profitably of the excrement (referred to by the parties and herein as offal) of domesticated food-producing animals, and assertedly represents a solution of the problem as related to the dairy cow industry. Through utilization of a dairy barn with sloped, paved floors and large tanks of dammed upstream water, the invention deals with a flush-type system for removal of the offal from dairy barns. The offal was to be carried through drains into tanks from which it could be conducted to sprinkler systems on adjoining fields for use as fertilizer.

The defendant-appellee is a general contractor who specializes in the construction of agricultural buildings. Previously he had worked as a construction supervisor for the plaintiff on a dairy barn installation which was built in accordance with the patent in suit. The appellee subsequently contracted with other persons to build another dairy barn. The latter is alleged to be the infringing installation.

After pre-trial discovery, the defendant moved for summary judgment. In the motion for summary judgment the defendant raised no question as to the infringement of the patent, but rather directed his attack at the validity of the patent held by the appellant. On February 19, 1970, the trial court granted the defendant's motion, holding that the appellant's patent was a combination patent composed of a number of parts or elements well known in the dairy business long prior to the date of filing the original application for the patent; that the combination patent did not result in anything new and patentable; that the case was controlled by the holding of the Supreme Court of the United States in Anderson's Black-Rock, Inc. v. Pavement Salvage Company, 1969, 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258; and concluding as a matter of law that there was no issue as to any material fact.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part that a party is entitled to summary judgment:

" * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Rule was not complied with in this instance. The heart of the defense was that the plaintiff's "dairy establishment" combines a number of previously known and widely used components in a manner which is obvious and not inventive. This defense assumes the burden of meeting and overcoming the presumption of validity inhering to a patent issued by the patent office. Title 35 U.S. C., Section 282; Metal Arts Company v. Fuller Company, 5 Cir. 1968, 389 F.2d 319, 321. In support of the motion for

* Honorable Philip Nichols, Jr., sitting by designation.

summary judgment the defendants attached the oral deposition of Gribble, in which he described the elements of the patent. Also attached to the defendant's motion were the affidavits of the defendant Sakraida, W. C. Fairbanks, and Archie Sharp. In these affidavits the affiants simply swore that dairy barns like that patented by the plaintiff have been used in the dairy industry prior to the date of the application for plaintiff's patent. The affiants also state the conclusion that there is nothing novel or patentable in plaintiff's patent. Ag Pro, Inc. countered the defendant's motion with affidavits of Gribble and M. G. Huber. These affidavits do not deny that the patent is a combination of a number of previously known elements, but they do contend that the combination patent is a product of invention. They further swear that to their knowledge no dairy barns like that patented were in existence prior to the application for patent. In essence the plaintiff's affidavits contradict the defendant's supporting evidence regarding the prior art and obvious nature of the thing patented. It should be emphasized that the district court did not have any patents or publications regarding the prior art before it at the time summary judgment was granted. The only information before the court regarding the prior art was the conclusory statements contained in the affidavits and correspondence between the Patent Office and Gribble and Bennett's attorney which was written during the time the patent application was pending.

Summary judgment is the rare exception, see Ronel Corporation v. Anchor Lock of Florida, Inc., 5 Cir. 1963, 325 F.2d 889, and not the rule in patent infringement cases. Inglett & Company v. Everglades Fertilizer Company, 5 Cir. 1958, 255 F.2d 342; Hycon Manufacturing Company v. H. Koch & Sons, 9 Cir. 1955, 219 F.2d 353; Gray Tool Company v. Humble Oil & Refining Company, 5 Cir. 1951, 186 F.2d 365; Adams v. Columbus Manufacturing Company (M.D. Ga. 1958), 169 F.Supp. 346. In the recent case of Stamicarbon N. V. v. Escambia Chemical Corp., 5 Cir. 1970, 430 F.2d 920, 924, we again stated: " * * * obviousness is a question of law *determined against the factual background of the state of the prior art and the claimed improvement on it.*" (Emphasis added).

In the landmark decision of Graham v. John Deere Company, 1965, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, the Court noted the importance of a meticulous review of the factual aspects of the case in arriving at a determination of the question of obviousness vel non:

"While the ultimate question of patent validity is one of law, Great A. & P. Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. at 155, 71 S.Ct. at 131 [95 L.Ed. 162], the § 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several *basic factual inquiries.* Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or nonobviousness, these inquiries may have relevancy. See Note, Subtests of 'Nonobviousness': A Nontechnical Approach to Patent Validity, 112 U.Pa.L. Rev. 1169 (1964).

This is not to say, however, that there will not be difficulties in applying the nonobviousness test. What is obvious is not a question upon which there is likely to be uniformity of

thought in every given factual context. The difficulties, however, are comparable to those encountered daily by the courts in such frames of reference as negligence and scienter, and should be amenable to a case-by-case development. We believe that strict *observance of the requirements laid down here will result in that uniformity and definiteness which Congress called for in the 1952 Act.*" (Emphasis added)

383 U.S. 17–18, 86 S.Ct. 694, 15 L.Ed. 2d 556.

■ These pronouncements highlight the need for exceptionally diligent attention by the district court to the facts in making a determination of patentability, and emphasize the limited applicability of F.R.Civ.P. 56 to patent cases. The documents filed in the instant case in support of and opposed to the motion for summary judgment make it clear that paramount issues of fact concerning the state of the prior art are unresolved. That being the case, summary judgment was not appropriate.

On remand, and after a full airing and finding of the facts the district court may find as a legal conclusion that *Anderson's Black-Rock, Inc.,* supra, is still applicable, or it may be that the facts prove that obviousness was not such that the plaintiff should be denied the benefit of his patent. We are careful to express no opinion whatever as to these matters. We simply reiterate our holding that the legal determination of patentability cannot be made here until the facts are resolved, and it is apparent that the facts were not resolved at the time summary judgment was entered. This was not the "rare patent case which can be * * * summarily truncated." Adams v. Columbus Mfg. Co., D.C.M.D.Ga., 169 F.Supp. 346, 348.

Reversed and remanded for further proceedings.