**AG PRO, INC., Plaintiff-Appellant,**

v.

**Bernard A. SAKRAIDA, Defendant-Appellee.**

**No. 72–1108.**

United States Court of Appeals, Fifth Circuit.

June 25, 1973.

Rehearing Denied July 13, 1973.

J. Pierre Kolisch, Portland, Ore., Frank Hunter, El Paso, Tex., for plaintiff-appellant.

J. F. Hulse, El Paso, Tex., for defendant-appellee.

## ON PETITION FOR REHEARING

Before RIVES, WISDOM and RONEY, Circuit Judges.

PER CURIAM:

In his petition for rehearing, Defendant-Appellee Sakraida seeks a remand of the issue of patent validity based on newly discovered evidence. His request is the substantial equivalent of a motion under Rule 60(b)(2), F.R.Civ.P., requesting relief from a final judgment because of newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), F.R.Civ.P. See Bros. Incorporated v. W. E. Grace Manufacturing Co., 5th Cir. 1963, 320 F.2d 594, 607. In Ferrell v. Trailmobile, Inc., 5th Cir. 1955, 223 F.2d 697, 699, this Circuit adopted the following view of the District of Columbia Circuit, expressed in Smith v. Pollin, 1952, 90 U.S.App.D.C. 178, 194 F.2d 349, 350:

"that, when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial."

We think that procedure should be employed in this case, but with such modifications as are needed to fit the peculiar circumstances of the case. The movant, Sakraida, is the *appellee*. This Court, on February 5, 1973, reversed the judgment in his favor and found the patent valid. However, the mandate has not been issued, because Sakraida filed a timely petition for rehearing, attacking that decision on several grounds.[1]

Thus the appeal is now pending on Sakraida's petition for rehearing.[2] Unless our present decision is changed on rehearing, the mandate of this Court, when ultimately issued, will permit such further proceedings as may be appropriate for a determination of the issue of infringement. As has been recognized by the district court, validity of the patent should be determined before ruling is made on infringement. Exercising our broad authority under 28 U.S.C. § 2106 to "require such further proceedings to be had as may be just under the circumstances," we would unravel the procedural tangle to "secure the just, speedy and inexpensive determination of * * * "[3] this action.

Accordingly, the case is remanded to the District Court with directions to enter a judgment holding the patent valid, subject, however, to that Court's consideration of a motion under Rule 60(b)(2), F.R.Civ.P., to be filed in the District Court by the defendant Sakraida on the issue of patent validity based on newly discovered evidence. The District Court will hear and determine said motion before proceeding on the issue of infringement. The District Court will then certify to this Court the entire rec-

---

1. The grounds, other than the claim of newly discovered evidence, we find to be without merit.

2. If the mandate had issued, a different procedure would govern the district court's consideration of a Rule 60(b)(2) motion. See Moore's Federal Practice (2nd ed.) § 60.30 [2], p. 426; Barron & Holtzoff, Federal Practice & Procedure (Wright ed.), § 1332, p. 437.

3. See Rule 1, F.R.Civ.P.

ord, including its opinion and order and the testimony taken on the new trial issue. Thereafter, the parties will be given opportunity to file supplemental briefs and this Court will enter its decision determining the issue of patent validity based on newly discovered evidence, and directing the entry of a judgment either holding the patent to be invalid or holding the patent to be valid, and remanding the case for a determination of the issue of infringement and for such further proceedings as may be appropriate, consistent with this opinion.

So ordered.