**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alberta C. DRUMMOND, Defendant-Appellant.**

**No. 72-3473**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1974.

Rehearing Denied Feb. 27, 1974.

Chester Bedell, Jacksonville, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal is an effort by a defendant who has entered a plea of *nolo contendere* to obtain appellate review of denial of a motion to dismiss the case for failure to comply with the constitutional requirement of speedy trial.

This court en banc has disapproved the procedure of accepting a *nolo* plea with reservation of a right to appeal. United States v. Sepe, 486 F.2d 1044 (CA 5, 1973, en banc). While the parties interpret the record in different ways, it seems to us that what the trial judge did was to accept the plea with the understanding that, insofar as he was concerned, defendant's right to appeal the speedy trial issue was preserved, although he recognized that the government would contend on appeal that the *nolo* plea operated as a waiver.[1]

Turning to the merits of the speedy trial issue, and applying the

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The differing legal consequences urged by the parties to what was said demonstrates the desirability of discontinuing the "appeal by agreement" device.

four-part balancing test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we are not able to say that the District Court erred in denying appellant's motion. Appellant was indicted June 27, 1969, along with her husband, in nine counts charging tax fraud in evading income taxes for 1963, 1964 and 1965. The appellant did not assert a right to a speedy trial until her motion to dismiss was filed in September, 1972. The appellant herself was a contributor to the delay. She was arraigned July 25, 1969, at which time her counsel sought and was granted sixty days in which to file motions, subsequently extended another thirty days. When, in July, 1971, the case was set for trial in October, 1971, the appellant sought and was granted a continuance because of a conflicting court engagement of her chief defense counsel.

A major factor in delay was dilatoriness of both sides in the discovery process. Defendant moved for production of documents and for a bill of particulars. The motions lay dormant for an extended period, without the government's responding and without the court's setting the motions for hearing. While the government's failure to respond was out of keeping with a local rule of the court, the record does not disclose any effort by appellant to call the matter to the court's attention or to move the discovery process out of the state of limbo in which it rested.

Appellant was not incarcerated. In fact, she was not even arrested—a summons was issued and she was immediately released on a $1,000 recognizance bond with no limitation on travel. Her major claim of prejudice is that her husband and codefendant died in April, 1970, and she was deprived of the opportunity of having him examine the numerous documents the production of which had been demanded and to confer with her and defense counsel concerning the documents. His death occurred ap-

proximately ten months after arraignment, and defense counsel, with court approval, had delayed three of these months before filing a motion to produce, and as just noted, once discovery motions were filed, there is no evidence that court action was sought by the appellant on either the motions or the government's failure to promptly respond to the motions.

Affirmed.