**The UNITED STATES**

**v.**

**Fred C. TALLANT, Sr., et al.**

**No. 74–225A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 5, 1975.

Dorothy T. Beasley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

E. Lewis Hansen, Atlanta, Ga., Carl L. Shipley, Washington, D. C., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

This criminal action is presently before the court on defendants' motion for reduction of sentence, *see* Rule 35, Fed.R. Crim.P.; and on defendants' motion for a stay of execution of sentence pending appeal. *See* 18 U.S.C. § 3148; Rule 38, Fed.R.Crim.P.; Rule 9, Fed.R.App.P. This court sentenced defendants to short periods of confinement, to be followed by a period of probation, together with monetary fines, on November 28, 1975, following acceptance of their pleas of nolo contendere to violation of 15 U.S.C. § 77q(a); 18 U.S.C. §§ 371, 1341, and 1505.

In opposition to the motion for reduction of sentence, the Government notes that defendants have filed a notice of appeal in this matter, arguing that this court has accordingly been deprived of jurisdiction to enter a ruling on defendants' motion. The only cases cited in support of this proposition are civil cases; and even in actions concerning purely civil matters, it is well settled that in some circumstances the trial court may "indicate" that it would enter a particular ruling on a motion should the matter be remanded for that purpose. *E. g., Ag Pro, Inc. v. Sakraida,* 481 F.2d 668, 669 (5th Cir. 1973); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697 (5th Cir. 1955). On the other hand, this court doubts that a motion under Rule 35, Fed. R.Crim.P. may be deemed equivalent to a motion under Rule 60, Fed.R.Civ.P., insofar as jurisdictional matters are concerned; for Rule 35 expressly provides that the time for filing a motion for reduction of sentence does not expire until 120 days after the final disposition of the defendant's appeal.

 The Government's jurisdictional argument need not be resolved at this time; for on review of the documents submitted by defendants, this court has concluded that they have stated no reason justifying reduction of the sentences imposed. Most of the arguments raised relate to certain alleged constitutional and jurisdictional defects in the indictment; and these arguments do not concern the indictment as a whole, since they are limited to Counts I–V of the indictment, which are founded on violation of the Securities Act of 1933, 15 U.S.C. § 77q(a). The only new matter raised relates to the contention that the penalties imposed are cumulative; however, this is a curious argument indeed in light of defendants' strenuous arguments asserted in support of their motion for separate trials of the various offenses charged. *See United States v. Tallant,* 407 F.Supp. 892 (N.D.Ga.1975). In fact, in support of their motion for severance, defendants argued that the offenses charged in the indictment "are not offenses of the same character, and they are not based on the same transactions or connected together or parts of a common scheme." *Id.* 407 F.Supp. p. 892. As a result, in view of the relevant circumstances, and assuming arguendo that this court has jurisdiction at this stage in the proceeding to enter a ruling on the motion for reduction of sentence, that motion is hereby denied.

 The motion for a stay pending appeal presents issues which are somewhat more complex. Under Rule 38, Fed.R.Crim.P., the question of whether or not to stay a fine is committed to the sound discretion of the court; and ultimately, albeit not specifically, the question of whether or not to stay execution of a sentence of imprisonment is also discretionary. *See* 8A J. Moore, *Moore's Federal Practice* ¶ 38.02[2] (1975). The question of whether to stay execution of sentence is governed by the provisions of the Bail Reform Act, 18 U.S.C. § 3148. The Courts have ruled that release pending appeal is mandatory unless any of the following circumstances preclude such release: (1) The appeal is frivolous; (2) the appeal is taken for delay; (3) the defendant is likely to flee and conditions of release would not assure that the defendant will not flee; and (4) the defendant poses a threat to the community. *Leary v. United States,* 431 F.2d 85,

87–88 (5th Cir. 1970). *See generally, United States v. Stanley,* 152 U.S.App. D.C. 170, 469 F.2d 577 (1972). The Government argues that the appeal in the instant case is frivolous, and that defendants have the burden of proof on the question of whether they might flee or pose a danger to the community. While this court questions the Government's second argument, *see Leary v. United States, supra,* the court has concluded that the absolute lack of merit in the instant appeal renders it so frivolous as to warrant denial of defendants' motion.

■ In the first instance, few courts have substantively discussed the applicable standards for considering the merits of an application for release on bail where an appeal is arguably frivolous; and this court has been unable to locate any cases considering this matter in the context of an appeal from a nolo plea. Some courts have ruled that appeal of a relatively substantive issue may be deemed to be a frivolous appeal, *see United States v. Summerour,* 279 F.Supp. 407 (E.D.Mich.1968); however, in light of the complexities of modern litigation, this court questions the advisability of ruling that any appeal following trial is wholly frivolous. *Cf. United States v. Stanley, supra; Leary v. United States, supra.* In that regard, at least one court has concluded that the question of the frivolity of the appeal may be more appropriately determined by the appellate court entrusted with the duty of ruling on the merits of the appeal. *See United States v. Ursini,* 276 F.Supp. 993, 998 (D.Conn.1967). Other courts have disagreed with this approach, *see United States v. Stanley, supra* at 583–89; and it likewise appears that those courts require the trial court to articulate its reasons for a decision in this complex and subtle area. *Id.* This court agrees that better practice requires the trial court to provide some guidance for the appellate court in ruling on an application for a stay of execution of sentence pending appeal.

In the first instance, it should be noted that defendants herein entered pleas of nolo contendere to the offense charged; and moreover, these pleas were not tendered until defendants had exhausted every possible procedural argument and contention in an effort to void the subject indictment. This court carefully considered each of these arguments and entered memorandum opinions on the various issues presented in a series of three detailed orders, dated March 12, 1975, June 23, 1975, and September 16, 1975. In fact, as noted in the June and September orders, many of the arguments asserted may arguably have been barred by previous adverse rulings on the issues presented. *See, e. g., Tallant v. Moye,* 419 U.S. 821, 95 S.Ct. 156, 42 L.Ed.2d 128 (1974); *Preferred Land Corp. v. Stokes,* Civil Action No. 74–720 (N.D.Ga. Apr. 17, 1974), *aff'd mem.* 505 F.2d 733 (5th Cir. 1974). Furthermore, it should be noted that defendants originally submitted conditional pleas of nolo contendere, which this court considered *in camera* and rejected, irrespective of the fact that conditional pleas are generally not favored. *See, e. g., United States v. Drummond,* 488 F.2d 972 (5th Cir. 1974). One day after rejection of their conditional pleas, defendants submitted unconditional nolo pleas, which this court carefully considered; which were discussed in great detail with counsel for the parties;[1] and which were ultimately accepted. In light of the history of this action, including the fact that defendants filed a petition for an original writ of habeas corpus in the United States Supreme Court, which was pending during consideration of the plea, this court has concluded that defendants' current efforts to further postpone execution of the rather lenient sentences imposed constitutes a clear example of abuse of the judicial process and of the good will of this court.

---

1. These conferences were conducted in chambers; and, at the request of counsel for defendants, all matters discussed were deemed confidential and all documents presented for consideration by the court were sealed.

Even considering the long and tortured history of this case, this court would be reluctant to rule that the instant appeal is frivolous, but for the fact that the defendants seek to appeal from sentences imposed pursuant to pleas of nolo contendere. It is well settled that a nolo plea, like a plea of guilty, constitutes a waiver of all nonjurisdictional defects. *See, e. g., United States v. Drummond, supra; United States v. Mizell,* 488 F.2d 97 (5th Cir. 1973); *United States v. Sepe,* 474 F.2d 784 (5th Cir.), *aff'd en banc,* 486 F.2d 1044 (1973). In this regard, it appears that the courts interpret "jurisdictional" defects to include the following: Failure of the indictment to charge an offense; unconstitutionality of the underlying statute; facial invalidity of the indictment by reason of the statute of limitations; and lack of "jurisdiction" in its literal sense. *E. g., United States v. Sepe, supra.* The only purely jurisdictional defense previously raised in this action is predicated on the jurisdiction of the United States Attorney to present the indictment to the Grand Jury; and this defense has been rejected by this court, as well as the Court of Appeals for the Fifth Circuit and the United States Supreme Court. *See Tallant v. Moye, supra; Preferred Land Corp. v. Stokes, supra.* Moreover, this "jurisdictional" defense relates solely to Counts I–V of the indictment, and not the mail fraud, conspiracy, and obstruction of justice counts. Similarly, defendants' contentions that the indictment fails to charge an offense relates primarily to the securities fraud counts. To the extent that defendants may contend that the other counts fail to charge an offense, such contentions would be wholly without merit and frivolous. Similarly, it is clear that the indictment, on its face, is not barred by the statute of limitations; and defendants have never argued that any of the statutes involved are unconstitutional.

The essence of the defendants' contentions throughout the history of this action is that they acted in good faith in all their securities transactions. This defense, coupled with other evidentiary considerations, might have convinced a jury to return a verdict of not guilty; however, defendants chose to avoid the opposite possibility and the resultant potentially severe collateral effects regarding their civil liability by pleading nolo contendere.[2] Defendants' possible evidentiary defenses are now foreclosed. *United States v. Mizell, supra; United States v. Sepe, supra.* The other defense tactic has been predicated on delay; and on review of the relevant circumstances, this court has concluded that the motion sub judice is a further continuation of this tactic. As a result, this court has concluded that the instant appeal is frivolous and interposed purely for delay; therefore, the motion sub judice to stay execution of sentence is hereby denied.

It is so ordered.

---

**2.** Defendants Tallant and Womack are also named individually as defendants in a civil action arising out of their various securities transactions involving Preferred Land Corp. stock. *See Kennedy v. Tallant, et al.,* Civil Action No. 856 (S.D.Ga.). In addition, there are multiple civil actions presently pending in this district involving securities transactions by defendant Tallant related or similar to the transactions in issue here; however, it appears that these cases concern corporations other than Preferred Land Corp. *E. g., Mooney v. Tallant,* 397 F.Supp. 680 (N.D.Ga.); *Yancey v. Tallant,* Civil Action No. 74–1704 (N.D.Ga.).