AG PRO, INC., Plaintiff-Appellant,

v.

Bernard A. SAKRAIDA,
Defendant-Appellee.

No. 74–1712.

United States Court of Appeals,
Fifth Circuit.

July 29, 1976.

Frank H. Hunter, El Paso, Tex., J. Pierre Kolisch, Portland, Or., for plaintiff-appellant.

J. F. Hulse, Stephen B. Tatem, Jr., El Paso, Tex., for defendant-appellee.

Before BROWN, Chief Judge, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This patent infringement lawsuit was filed in 1968 in the Western District of Texas. In 1971, a panel of this court reversed the district court's summary judgment for defendant Sakraida on the ground that material issues of fact were still at issue. See 437 F.2d 99 (5th Cir. 1971). On remand, the district court entered judgment for petitioner on the ground that the patent was invalid for obviousness. See 35 U.S.C. § 103 (1970). This court again reversed, finding the patent valid. See 474 F.2d 167 (5th Cir. 1973). On rehearing, the same panel conditionally adhered to its holding, subject to the result of a hearing on Sakraida's motion under Fed.R.Civ.P. 60(b)(2) to reconsider the issue of patent validity in the light of newly discovered evidence. See 481 F.2d 668 (5th Cir. 1973). The district court granted the motion for new trial; this court again reversed, holding that the "due diligence" standard of Rule 60(b)(2) motions had not been met and reaffirming the panel holdings on patent validity as the law of the case. See 512 F.2d 141 (5th Cir. 1975). The Supreme Court reversed on the issue of patent validity, declaring the patent invalid for obviousness and pretermitting decision of the Rule 60(b)(2) issue, and directed reinstatement of the district court's judgment for Sakraida and ordering Ag Pro to pay the costs of the Supreme Court litigation. See Sakraida v. Ag Pro, Inc., —— U.S. ——, 96 S.Ct. 1532, 47 L.Ed.2d 784 (1976), and judgment rendered pursuant thereto (June 22, 1976) (awarding costs).

Accordingly, we vacate the judgments of this court and remand the cause to the district court for entry of judgment conforming to the mandate of the Supreme Court and for taxation of costs in conformity with Fed.R.Civ.P. 54(d). Costs of proceedings in this court shall also be taxed in the district court in favor of Bernard A. Sakraida.

VACATED and REMANDED.