**Larry BRIDGES, Edward W. Hazley, Douglas McArthur, George McArthur, Michael McArthur, Josephine McNeil and Joan Nabor, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 78–5078.**

United States Court of Appeals, Fourth Circuit.

Argued July 20, 1978.

Decided Dec. 8, 1978.

Thomas F. Loflin, III, and James R. Acker, Durham, N. C. (Loflin, Loflin, Galloway, Leary & Acker, Durham, N. C., on brief), for appellants.

Jack B. Crawley, Jr., Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., on brief), for appellee.

Before BUTZNER, RUSSELL and WIDENER, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Six defendants [1] were indicted in the district court along with one McArthur and others, for violation of the narcotics laws. Cash bonds were filed with the clerk of the court to secure their release pending trial.[2] There is no indication at the time the cash bonds were deposited with the clerk that the bonds were advanced by anyone other than the defendant for whom release was sought. Later the defendants were tried and convicted. Upon their conviction they were sentenced to substantial prison terms and, except for the defendant Gillis, ordered to pay large fines.[3] They unsuccessfully appealed their convictions. They are now serving their prison sentences but the fines imposed on them remain unpaid.

The present controversy concerns the cash bonds deposited with the clerk of court on behalf of the five defendants against whom fines were imposed.[4] It began after trial and pending appeal. The co-defendant McArthur, alleging that he had secured from his relatives and friends the monies for the cash bond deposited with the clerk on behalf of the defendants, moved the court to direct the clerk to pay the monies over to him, since the defendants had satisfied the terms of the bond by appearing at trial and by delivering themselves into custody after sentence. The government, on the other hand, moved that the money be held in trust for the payment of the defendants' fines, pending appeal. Both of these motions were denied. The court found the claim of McArthur incredible and denied it. It, however, provided in its order of denial

that "should the persons who allegedly contributed money make motions of their own for the return of the money, the court will be glad to hear them." It denied the government's motion for failure to serve the defendants with the motion. In this instance, it expressed a willingness to reconsider the motion of the government after proper notice to the interested parties.

Following the affirmance of the defendants' convictions, the parties who allegedly advanced the cash bonds for the defendants through their relative and friend, the co-defendant McArthur, filed their petitions for the return of such portion of the cash bonds as they claimed they had advanced. Without an evidentiary hearing, the district court proceeded to deny the petitions and to order the application of the bond monies to the payment of the fines imposed on the defendants. In reaching this decision, the court reasoned that "there is a presumption that the money deposited by each defendant was his own where the names of third party claimants to the money did not appear of record in connection with the original deposits." The petitioners have appealed. We remand with directions.

It is the position of the petitioners that the Bail Reform Act of 1966, 18 U.S.C. § 3146, removed any presumption in favor of the government in a case such as this, citing *United States v. Bursey* (5th Cir. 1975) 515 F.2d 1228, 1235 in support. Apart from any presumption, we agree with *United States v. Bracewell* (2d Cir. 1978) 569 F.2d 1194, 1200, that if the monies advanced by way of bonds for the defendants actually

---

1. These defendants were Leslie Arrington, Michael Arrington, Martin, Jennings, Gillis and Thomas.

2. The bail deposits on behalf of the defendants were as follows:

| | |
|---|---|
| Leslie Sharon Atkinson Arrington | $10,000 |
| Michael Otis Arrington | $25,000 |
| Monroe Lorenzo Martin, Jr. | $5,000 |
| Rudolph Valentino Jennings | $10,000 |
| Charles Murphy Gillis | $5,000 |
| William Thomas | $10,000 |

3. The fines imposed on the five defendants were:

| | |
|---|---|
| Leslie Arrington | $50,000 |
| Michael Arrington | $50,000 |
| Martin | $5,000 |
| Jennings | $25,000 |
| Thomas | $25,000 |

4. The order of the district court does not indicate why the bond deposit made on behalf of Gillis is retained by the clerk. The court merely states that it is to be held subject to the further order of the court. The right of the government to retain this deposit should be resolved on remand.

belonged to the petitioners and had been advanced by them, then "they are not 'available for payment'" of the defendants' fines and should be refunded to the petitioners. Whether this is the fact in this case can only be established after an evidentiary hearing. There has been no such hearing. We accordingly remand to the district court with instructions to grant the petitioners an evidentiary hearing.

*REMANDED.*