UNITED STATES

v.

**Robert C. GATES, Jr., Defendant.**

**Cr. No. 91–33–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Nov. 21, 1991.

Mark A. Exley, Asst. U.S. Atty., Norfolk, Va., for U.S.

Thomas L. Hunter, Hampton, Va., for defendant.

MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

Defendant, Robert C. Gates, Jr., was tried and convicted of two counts of making false statements to a firearms dealer, in violation of 18 U.S.C. § 922(a)(6), and two counts of making false statements in a firearms record, in violation of 18 U.S.C. § 924(a)(1)(A). On July 24, 1991, post-conviction but before sentencing, the court revoked defendant's *in forma pauperis* status and ordered[1] defendant not to dispose of his substantial assets in the possession of an attorney in New York, except as needed for personal necessities.[2] On September 24, 1991, the court sentenced the defendant to four concurrently-running twenty-four month prison terms, and to three (3) years supervised release. In addition, the court imposed a fine of $10,000 and a $200 special assessment. Finally, the court ordered defendant to pay for the cost of his court-appointed trial attorney, for the costs of his prosecution, for the costs of his imprisonment, and, if any funds remained, for the costs of his supervised release.[3]

This sentence was legally imposed pursuant to the statutes of the United States and the United States Sentencing Guidelines. *See* 18 U.S.C. 3006A(c) ("If at any time after the appointment of counsel ... the court finds that the person is financially

---

1. The court memorialized its oral order issued from the bench on July 24, 1991, in a written order filed, *nunc pro tunc,* on July 30, 1991.

2. These assets, a sum in excess of $25,000, were proceeds of a settlement in a civil case. The court received information that defendant was trying to dispose of these assets, contrary to the previous direction of the court. *See* Order filed July 31, 1991. Pursuant to an Order to Show

Cause filed August 5, 1991, the court conducted a bench trial on September 19, 1991, and found defendant "not guilty" of criminal contempt.

3. On October 1, 1991, defendant filed a motion to proceed *in forma pauperis* on appeal. On October 22, 1991, this court granted defendant's motion, since his current assets will be depleted under the court's sentence.

able to obtain counsel or to make partial payment for representation, it may ... authorize payment as provided in subsection (f), as the interests of justice may dictate."); 18 U.S.C. § 3006A(f) ("Whenever ... the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney...."); 28 U.S.C. § 1918(b) ("Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution."); U.S.S.G. § 5E1.2(i) (Nov.1990) ("[T]he court *shall impose* an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation or supervised release ordered." (emphasis added)); *see also* U.S.S.G. § 5E1.2, comment (n. 7) (Nov.1990).

Defendant now moves the court either for a determination that the initial "freeze" of his funds was a violation of due process requiring a release of all "frozen" funds, or, in the alternative, for a stay of execution of fines and costs pending appeal, with a concomitant reduction in the total amount of money owed to the court.[4] For the reasons stated herein, the court finds defendant's contentions to be without merit.

Pursuant to Rule 38(c),[5] the court has full discretion, "upon such terms as the court deems proper," to decide whether to stay payment of fines and/or costs. Fed. R.Crim.P. 38(c); *see U.S. v. Tallant,* 407 F.Supp. 896, 897 (N.D.Ga.1975), *aff'd,* 547 F.2d 1291 (5th Cir.1977), *cert. denied,* 434 U.S. 889, 98 S.Ct. 262, 54 L.Ed.2d 174 (1977). Defendant has shown no special circumstances which persuade the court to release his funds or to stay the execution of payment of fines and costs, nor to reduce the amount owed by the defendant.

■ Defendant alleges that his due process rights were violated by the imposition of the "freeze" of his assets after his conviction.[6] The court disagrees and finds that the cases cited by defendant to support his argument are inapposite. Those cases refer to pre-trial or pre-judgment injunctions entered by a court in civil proceedings. The instant case is a criminal one in which the defendant was already convicted before the court entered its order.

Unlike pre-judgment cases in the civil context, "relief," that is judgment, to be granted was not speculative in the instant case. In "freezing" defendant's assets, the court was merely assuring that assets available at the time of conviction would remain so until sentencing, so that the court could properly assess costs and fines under the sentencing guidelines and applicable statutes cited in this opinion. *See supra* at 1294-95.[7] After receiving evidence of the defendant's financial status, the court made it clear in its order of July 24, 1991, that defendant, who was present

---

4. Defendant has not moved to stay execution of his term of imprisonment.

5. In his motion, defendant cites as the applicable rule Federal Rule of Criminal Procedure 38(a)(3). The correct rule, however, is Federal Rule of Criminal Procedure 38(c). Although Rule 38(a)(3) is substantively the same as Rule 38(c), it applies only to offenses committed on or before November 1, 1987. As defendant committed the instant offenses after this date, the appropriate citation should be to Rule 38(c). By motion to amend, filed November 19, 1991, defendant seeks to change this citation to Federal Rule of Criminal Procedure 38(c). Since the court is proceeding under the correct rule, defendant's motion to amend need not be further considered.

6. Defendant characterizes the court's order as a "freeze" of his assets. However, the order simply prohibited defendant from disposing of his assets prior to sentencing, absent court authorization. *See* Order filed July 30, 1991, *nunc pro tunc* July 24, 1991; *supra* at 1294; *infra* note 7.

7. If a trial court does not have authority to order a defendant, post-conviction but prior to sentencing, not to dispose of his assets, then the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation. In effect, the court's inability to prevent a convicted defendant from disposing of his assets prior to sentencing would create a situation in which it would only make sense for, and legal counsel would so advise, any defendant with assets to "dispose of" or transfer them for "safekeeping."

in person and was represented by counsel at the time the order was entered, and who had an opportunity to be heard, would be required to pay for his court-appointed attorney and whatever fines and costs of incarceration and/or supervised release the court deemed appropriate at sentencing. However, no actual order to pay was issued until sentencing, after full consideration of defendant's pre-sentence report and after a full sentencing hearing.

Moreover, defendant has shown no injury arising out of the "freeze" of his funds. Unlike forfeiture cases, the court *did not seize* defendant's assets and, in fact, provided that defendant could use his money, upon application to the court, for personal necessities. Indeed, upon defendant's application, the court directed that defendant could spend $100 to purchase some items of clothing.[8] Defendant was incarcerated at the time his assets were frozen, and he has no dependents. As a prisoner, defendant's necessities of life are provided for, and "his financial needs are thus not similar to those of a person in ordinary life." *Evans v. Croom*, 650 F.2d 521, 523 (4th Cir.1981).

■ Further, defendant argues that the court should reduce the amount owing in costs and fines by the amount owed to defendant's unsecured creditors, because the fines and costs imposed by the court will deplete defendant's assets, leaving nothing with which to pay defendant's unsecured creditors.[9] Defendant does not cite, and the court is not aware of, any statute or case precedent which requires the court to subordinate claims for fines and costs by the United States to the claims of unsecured creditors.[10]

While the United States Sentencing Guidelines require the court to waive or impose a lesser *fine* where defendant establishes that "he is unable to pay and is not likely to become able to pay any fine," U.S.S.G. § 5E1.2(a), defendant in the instant case has not shown inability to pay. In order to establish that defendant is unable to pay a fine under § 5E1.2(f) of the sentencing guidelines, he must show that "he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the preceding provisions," or that "imposition of a fine would unduly burden the defendant's dependents." Since defendant has available cash assets of over $25,000 and since he has no dependents, defendant clearly has enough money to pay the $10,000 fine and the additional costs imposed.[11] Moreover, as was previ-

---

**8.** Defendant's funds are being held for him in escrow in his civil attorney's trust account. *See supra* note 2 & accompanying text.

**9.** According to defendant, he owes $11,387 to unsecured creditors.

**10.** Defendant cites *United States v. Bracewell*, 569 F.2d 1194 (2d Cir.1978), as "instructive." In that case, the court held that "[i]f monies paid on a defendant's behalf actually belong to a third party, then they are 'not available for payment.'" It is assumed that defendant wishes the court to draw the inference that money owed to unsecured creditors is the equivalent of monies paid by a third party on defendant's behalf.

The court, however, is not willing to draw such an inference. The court is reluctant to consider money loaned to defendant by creditors the equivalent of money paid "on defendant's behalf." Moreover, other factors militate against an acceptance of defendant's interpretation of *Bracewell*. First, *Bracewell* was decided pursuant to 18 U.S.C. § 3006A(f), allowing for reimbursement by defendant of court-appointed defense counsel. The court in *Bracewell* was

merely interpreting the language, "available for payment," of that statutory provision. The instant case involves not only the reimbursement of the court-appointed attorney, but also the imposition of fines and the payment of the costs of prosecution, incarceration, and supervised release.

Second, the court in *Bracewell* did not make clear what it meant by money that "belong[s] to a third party." In a Fourth Circuit case citing *Bracewell*, the United States sought to use bond money allegedly posted by friends of the defendant in order to pay the court-appointed defense attorney. *Bridges v. U.S.*, 588 F.2d 911, 912 (4th Cir.1978). In remanding the case to the district court, the Fourth Circuit noted that if the bond money was posted by third parties, then it was not "available for payment." *Bracewell* is sufficiently unclear, and the factual situation in both *Bracewell* and *Bridges* sufficiently different from the instant case, that the court declines to adopt defendant's interpretation of *Bracewell*.

**11.** The court recognized that defendant's current assets might not be sufficient to cover the full costs of imprisonment and supervised release. Therefore, the court established a priori-

ously indicated,[12] the guidelines clearly state that the court "shall" impose an additional fine amount comprising the costs of imprisonment and supervised release. U.S.S.G. § 5E1.2(i). Finally, also as was previously indicated,[13] federal statutes make clear that it is within the court's discretion to impose on the defendant the costs of prosecution, 28 U.S.C. § 1918(b), and to direct a defendant to pay his court-appointed attorney's fees where the court finds that defendant has become financially able to do so. 18 U.S.C. § 3006A(c), (f).

For all of the foregoing reasons, the court finds no violation of defendant's due process rights and no basis to reduce the amount defendant owes in fines and costs. Accordingly, defendant's motion for a release funds or in the alternative for a stay of execution with a concomitant reduction the amount owed on the judgment in this case is DENIED.

It is so ORDERED.

---

ty of disbursement in its sentencing order. *See* Judgment Order at 4, filed September 30, 1991.

**12.** *See supra* at 2.

**13.** *See supra* at 2.