52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Ray BURRIS, Defendant-Appellant.
 No. 94-5693.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: April 18, 1995.
 
 William E. Martin, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WIDENER and WILKINS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Ray Burris appeals the decision of the district court order which directed that the cash bond previously posted to assure Burris's appearance at his probation revocation hearing be paid to the court for deposit in the United States Treasury as reimbursement to the appropriation provided for indigent representation, as authorized by 18 U.S.C. Sec. 3006A(f) (1988).
 
 
 2
 Burris pled guilty to a three-count indictment charging him with conspiracy against the right of citizens, intimidating black persons by burning a cross, and with intimidating black persons by discharging a firearm, in violation of 18 U.S.C. Sec. 241 (1988) and 42 U.S.C. Sec. 3631 (1988), respectively. He served his active sentence and was released on probation. While on probation, Burris was convicted in state court of various criminal charges. These convictions violated the terms of Burris's release and he was brought before a magistrate judge. Burris's former girlfriend ("Clay") posted bond on his behalf. At the probation revocation hearing, Burris pled guilty to violating his probation and was sentenced to serve a year in prison.
 
 
 3
 After reporting to prison, Burris petitioned the court to return the bond to him, alleging that the money Clay used to post the bond actually belonged to him. The Government responded by requesting that those funds, if determined to belong to Burris, be applied, pursuant to 18 U.S.C. Sec. 3006A(f), toward payment of compensation and expenses of Burris's court-appointed trial counsel and/or the expenses incurred by the Federal Public Defender while representing Burris during the probation revocation proceedings. The court ordered that the bond be paid to the court pursuant to the reimbursement provision of the Criminal Justice Act.
 
 The reimbursement statute provides:
 
 4
 Whenever the ... court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney ... or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section.
 
 
 5
 18 U.S.C. Sec. 3006A(f) (1988). The congressional intent for enacting 18 U.S.C. Sec. 3006A(f) was to create a constitutionally proper ground for depriving a financially able defendant of available funds which, in fairness, should be remitted to the public coffers. See Fuller v. Oregon, 417 U.S. 40 (1974). When reviewing an order of reimbursement, the key question is whether the funds appropriated were "available for payment" within the meaning of the statute. An order of reimbursement cannot be properly granted without first satisfying this statutory condition. Burris urges this Court to adopt the rule that an evidentiary hearing is required in order to determine if the appropriated funds were available for payment. We decline to do so.
 
 
 6
 Burris relies upon Bridges v. United States, 588 F.2d 911 (4th Cir.1978), in support of the proposition that this Court, by citing with approval United States v. Bracewell, 569 F.2d 1194 (2d Cir.1978), requires an evidentiary hearing in order to determine if funds are available for payment. Burris is mistaken in two respects. First, Bracewell explicitly states that a "full fledged adversarial inquiry into the nature and amount of a defendant's assets" is not necessary to make the availability determination. Bracewell, 569 F.2d at 1200. However, any defenses to payment asserted by a defendant should be fully considered. Id. Second, we only agreed with that aspect of the Bracewell opinion which stated that if monies advanced by way of bonds for the defendant actually belonged to those third parties petitioning the court for its return, then those monies were not "available for payment" and should be refunded to those petitioners. Bridges, 588 F.2d at 912. An evidentiary hearing was necessary in Bridges to determine if the petitioners were the actual owners of the funds advanced on behalf of the defendant. Id. In so holding, this Court did not adopt the position that an evidentiary hearing is required in every instance when courts must determine whether funds are available for payment.
 
 
 7
 This Court may affirm reimbursement orders even if the district court did not make a specific finding on availability of funds as long as there is sufficient evidence to support the court's decision, and the defendant did not object to that evidence. See United States v. Behnezhad, 907 F.2d 896, 900 (9th Cir.1990); United States v. Gurtunca, 836 F.2d 283, 288 (7th Cir.1987). In both Behnezhad and Gurtunca, the appellate court declined to set aside reimbursement orders even though there was no specific fact finding on the record. In both cases, however, the court ordering reimbursement possessed documents that detailed the defendant's financial resources, and neither defendant objected to that information. Behnezhad, 907 F.2d at 900; Gurtunca, 836 F.2d at 288.
 
 
 8
 In the instant case, the district court did not make a specific finding on the availability of the appropriated funds, but it did have Burris's financial affidavit, which Burris signed and executed on the date the appearance bond was posted. Burris listed his assets as including his income, available cash on hand or in a bank account, and other property, along with his debts and other obligations, including child support for two dependent children. Burris never attempted to explain or to qualify any of the information contained in his affidavit.
 
 
 9
 The record before the district court provided sufficient undisputed evidence to support its order for reimbursement. In addition, the evidence does not suggest, nor does Burris allege, abuse of discretion on behalf of the court. Accordingly, we find that the district court's order of reimbursement is supported by an adequate inquiry into whether the appropriated funds were "available for payment." Therefore, we affirm the order of reimbursement. We dispense with oral argument because the facts and legal contentions are adequately present in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.